**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Bryan Chinwuba
Assistant U.S. Attorney
Bryan.Chinwuba@usdoj.gov
(503) 727-1141
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

November 19, 2024

Michelle Kerin, Esq.
Amy Potter, Esq.
Angeli Law Group LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204

> Re: *United States v. Chamness Dirt Works Inc.*
> Pre-Charge Plea Offer

Dear Counsel:

1.      **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant Chamness Dirt Works Inc. ("Chamness Dirt Works" or "defendant") and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement applies neither to any charges other than those specifically mentioned herein nor to any civil remedy that the Environmental Protection Agency ("EPA") or any other regulatory agency may seek.

2.      **Charges**: Defendant agrees to plead guilty to the Information to be filed in this case, which is transmitted herewith and charges defendant with violations of the asbestos work practice standards, in violation of the Clean Air Act, Title 42, United States Code, Sections 7412(h) and 7413(c)(1).

3.      **Penalties**: The maximum sentence for an organization found guilty of this offense for the first time is five years' probation, a fine of $500,000, or both. Defendant must also pay a mandatory fee assessment of $400 by the time of entry of its guilty plea. *See* 18 U.S.C. § 3013(a)(2)(B).

4.      **Dismissal/No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, insofar as defendant and codefendant Ronald Chamness ("Chamness") are convicted and sentenced in conformity with their plea agreements with the government in this case.

---

5.    **Elements of the Offense:** For defendant to be found guilty of violating Asbestos Work Practice Standards in violation of the Clean Air Act as alleged in the Information, the government must prove the following elements beyond a reasonable doubt:

  a.    Chamness Dirt Works, a person and owner or operator of a demolition operation at a facility;

  b.    Containing at least 160 square feet of regulated friable asbestos materials, containing greater than 1% of asbestos, on facility components;

  c.    Knowingly violated and caused to be violated Clean Air Act asbestos work practice standards at Horseshoe Grove, LLC, 2510 W 2nd Street, The Dalles, Oregon, in that defendant failed to:

  1. Provide the EPA Administrator or the Oregon Department of Environmental Quality with written notice at least ten working days before any activity began that would break up, dislodge, or similarly disturb asbestos material;

  2. Remove all regulated asbestos containing material from the facility being demolished before any activity began that would break up, dislodge or similarly disturb the material;

  3. Keep all regulated asbestos adequately wet until collected and contained in preparation for disposal;

  4. Have an on-site representative trained in the provisions of asbestos regulations at the facility during asbestos stripping removal, handling or disturbing operations;

  5. After wetting, seal all regulated asbestos-containing materials in leak-tight wrapping; and

  6. Deposit all regulated asbestos-containing waste material in an approved asbestos waste disposal site.

Defendant stipulates that uncontested and admissible evidence of its relevant conduct as summarized in paragraph 6, *infra*, establishes each of the foregoing elements beyond any reasonable doubt.

6.    **Factual Basis and Relevant Conduct:** Defendant stipulates that the following is a true and accurate summary of its offense conduct. Defendant further agrees and avers that every statement herein is true and correct and that the government could prove every statement beyond a reasonable doubt at trial, including through evidence of these admissions.

  On November 10, 2022, Horseshoe Grove purchased the property located at 2510 W 2nd Street, The Dalles, Oregon (The Dalles Property) which operated as a mobile home rental site with approximately thirty actively rented tenant spaces. At the time, the property contained two dilapidated dwelling structures which had previously been used as rental apartments. The mobile home rental spaces surrounded the perimeter of the former dwelling structures on at least two sides.

  Asbestos has been identified as a hazardous air pollutant pursuant to 42 U.S.C. § 7412(h)(1). At the time of the purchase of The Dalles Property, a real estate agent for the

previous owner provided Richter, the sole organizer and member of Horseshoe Grove, with an asbestos survey completed for the previous owner in 2021. The asbestos survey and accompanying asbestos abatement estimate, dated December 5, 2021, was directed to "Chamness Construction," and indicated that there was over 5,000 square feet of friable Chrysotile asbestos within the two structures with levels between 2% and 25%. The report also indicated that there were additional amounts of non-friable asbestos including: a tar layer, containing 3% Chrysotile asbestos, on the exterior of units one through six; transite siding, containing 30% Chrysotile asbestos, on units seven through ten; and vinyl composite tile and mastic at levels ranging between 2% and 3% Chrysotile asbestos.

In addition to the asbestos survey, the seller's agent also provided Richter and Horseshoe Grove with a demolition estimate for the two dwelling structures at The Dalles Property from Chamness Dirt Works. The estimate was for $57,217 and included references to sampling, testing and removal of asbestos containing materials. It also stated that the cost excluded asbestos abatement "if required."

On February 20, 2023, having been contacted by Richter's agent to engage in the demolition work at The Dalles Property, Ronald Chamness contacted the asbestos abatement contractor who had previously provided him with the asbestos survey. At Chamness' request, the contractor updated the estimate for asbestos abatement and provided it to Chamness. The contractor quoted a total cost for the proper removal and disposal of the asbestos containing material from the two dwelling structures at The Dalles Property of $31,758.

In March 2023, after being hired by Richter's and Horseshoe Grove's agent, Chamness and Chamness Dirt Works began demolishing the two asbestos-laden dwelling structures at The Dalles Property without having removed any of the previously identified asbestos containing materials or otherwise having implemented the precautionary measures mandated by federal regulations for handling such materials.

Chamness posted videos of the demolition on his Facebook account. During the demolition of the dwelling structures at the Horseshoe Grove property, despite knowing that both structures contained asbestos, neither Horseshoe Grove, as the owner of the facility and demolition activity, nor Chamness Dirt Works, as the operator of the demolition activity:

(a) hired a certified asbestos abatement contractor to be on-site during the demolition process;
(b) provided notice to EPA or the Oregon Department of Environmental Quality prior to the demolition;
(c) kept the resulting asbestos-laden debris wet and sealed in leak-tight wrapping; or
(d) ultimately disposed of the asbestos-containing debris at a landfill approved for such waste.

Horseshoe Grove paid Chamness Dirt Works $49,330 in two separate installments via checks signed by Richter. The first check, dated March 22, 2023, was for $23,600. The second

check, dated April 13, 2023, was for $25,730. The words "Demo of Buildings" was written in the "For" section of both checks, though those amounts included payment for other work performed by Chamness Dirt Works, including removal of trees.

7.      **Waiver of Discovery**: As a material term of this offer and agreement, defendant expressly accepts the USAO's offer to make available the evidence gathered in the investigation of this matter for on-site inspection and the USAO's production of limited discovery as of the date of this agreement in full satisfaction of the government's discovery obligations in this case. Defendant knowingly, intelligently, and voluntarily waives any right to further production of evidence or information from the government, even though it may be entitled to such production pursuant to the Federal Rules of Criminal Procedure, the discovery orders of the Court, and any prior demands for discovery.

8.      **Acceptance of Responsibility**: Defendant must demonstrate to the Court that it fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for its unlawful conduct in this case. The USAO reserves the right to change its sentencing recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

9.      **Government's Recommendation**: The government will not seek any additional fine as part of this plea agreement, so long as defendant demonstrates its acceptance of responsibility as explained above.

10.     **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

Defendant expressly agrees that this waiver shall remain effective in the event that the USAO alters its sentencing recommendation consistently with paragraph 8 or because defendant breaches this agreement as described in paragraph 13.

11.     **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

12. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

13. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea or challenge or rescind the waiver of appeal as provided in paragraph 10, *supra*.

If defendant believes that the government has breached the plea agreement, it must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, it has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

14. **Restitution**: The government has solicited potential victims related to this matter but has yet to receive any responses. As such, the parties are not aware of any identifiable restitution owed. The Court will ultimately have sole discretion to determine if defendant is liable for any restitution. If so, the Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to the entry of an order of restitution for all losses suffered by victims of defendant's relevant conduct, including individuals adversely affected by the asbestos described in paragraph 6, *supra*. *See* 18 U.S.C. §§ 3663(a)(3); 3663A.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

15. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement and a companion agreement with codefendant Chamness will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

16.  **Deadline**: This revised plea offer expires if not accepted by December 9, 2024, at noon.

Sincerely,

NATALIE K. WIGHT
United States Attorney

BRYAN CHINWUBA
Assistant United States Attorney
KARLA GEBEL PERRIN
Special Assistant United States Attorney

Defendant Chamness Dirt Works, Inc., through its responsible agents and representatives, has carefully reviewed every part of this agreement with its attorney. Defendant understands and voluntarily agrees to the terms of this agreement. The corporation expressly waives its rights to appeal as outlined in this agreement. The corporation pleads guilty because, in fact, it is guilty.

2/7/25
Date

For Chamness Dirt Works Inc., Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

2/7/2025
Date

Michelle Kerin, Esq.
Amy Potter, Esq.